# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANGEL AMADOR,**

      **Plaintiff,**

**v.**                                                     **Case No:   6:14-cv-1577-Orl-40DAB**

**BENSON CONSTRUCTION SERVICES,
LLC and WALTER PURSER,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   Motion for Settlement (Doc. No. 17)
>
> **FILED:**   December 11, 2014
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter

a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on allegations in the Plaintiff's Complaint[1], Plaintiff was hired by Defendant Benson Constructions Services, LLC and improperly classified as an "exempt" employee in that he regularly worked over forty hours a week but did not receive overtime compensation. Doc. 17. Plaintiff had previously alleged that he was treated as an "independent contractor" to perform construction services such as installation, repair, construction and supervisory work from 2009 to April 2014; he was paid at a rate of $15.50 per hour. Doc. 1. Plaintiff sought overtime for allegedly between ten to twenty hours per week for which he received straight time rather than overtime, plus an equal amount in liquidated damages; by the time of the settlement, Plaintiff "initially believed he regularly worked approximately 56 hours per week." Doc. 1; Doc. 19. Plaintiff alleged that Defendants willfully carried out its illegal pattern of failing to pay overtime compensation to Plaintiff, making it liable for three years of unpaid overtime. Doc. 1. At 16 hours of overtime per week at the

---

[1] Plaintiff did not file Responses to Court Interrogatories before the case was settled.

difference (1/2 time being $7.75 per hour) from the overtime rate (1.5 time straight-time rate of $15.50) that he was not paid, he was essentially alleging he was entitled to $124 per week in unpaid overtime, or approximately $500 per month, for 30 months, from October 2011 (three years prior to the time suit was filed on September 29, 2014) to April 2014 (termination), for a total of approximately $15,000.

The Joint Motion for Approval of the Settlement states:

> The Parties agree that the instant action involves disputed issues, including primarily the number of hours Plaintiff worked. Defendants believe that Plaintiff worked forty hours or under every week or was otherwise classified as an exempt employee who would not receive overtime compensation for any hours worked in excess of forty hours per week. Defendants were prepared to present witnesses to testify regarding Benson's time keeping procedure, and Plaintiff's work hours. To the contrary of Defendants' position, Plaintiff was prepared to testify that he regularly worked overtime hours and was not classified as an exempt employee, of which Defendants had knowledge. Rather than face the uncertainty of litigation, the Parties reached a mutually agreeable settlement.
>
> The settlement negotiated by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and his counsel discussed the alleged hours and pay rate and formulated their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

Doc. 17 at 3-4. "While making no admissions against interest with respect to Defendants' understanding that Plaintiff was properly classified as an independent contractor, Defendants believed Plaintiff was owed no more than $1,600.00." Doc. 19 ¶ 4. The (unauthenticated) Exhibit submitted show work weeks from September 2013 to April 2014, not back *three years*, and at a rate of $6.50 rather than the $7.75 that Plaintiff alleged; however, it does show overtime of 16 to 20 hours per week for about half of the weeks on the report. Doc. 19-2 at 2.

"Plaintiff now agrees based on the Answer, defenses asserted by Defendants, and discussions with Defendants with regard to the circumstances of this case, Plaintiff agrees the monies to be paid

to him pursuant to the Settlement Agreement, $2,500.00 in alleged back wages and $2,500.00 in alleged liquidated damages, *fully and fairly compensates him* for his claims and alleged damages under the FLSA." Doc. 19 ¶ 5 (emphasis in the original). Plaintiff adds in the Joint Motion for Approval, "After settlement negotiations, analyzing the factual and legal disputes, Plaintiff has agreed to accept these sums to resolve his claims in full. This case largely involves factual disputes regarding the number of hours the Plaintiff worked and Plaintiff's exemption status for overtime compensation. These factual disputes would have had to have been resolved at trial. Had Defendants been successful in showing Plaintiff's position was exempt, Plaintiff would not have been entitled to overtime compensation and would have received nothing. Rather than face these uncertainties, the Parties agreed to resolve the case." Doc. 17 at 4.

Taken at face value, if the settlement of $5,000 to Plaintiff indeed "fully and fairly compensated" Plaintiff for his claims, then the Court would not be required to review the amount of attorney's fees because there would be no compromise of the claim. However, given the disparity between Plaintiff's initial claims in the Complaint ($15,000), and the view of the case at settlement $2,500), the Court will review the fees.

The parties have agreed that Defendant will pay Plaintiff's attorneys $3,500 in attorney's fees and costs, which "the parties have agreed is well below the lodestar of attorneys' fees actually expended." Doc. 17 at 4. Although Plaintiff's counsel represents that the parties "negotiated attorney's fees and costs independently and in *seriatim*" in an apparent attempt to comply with the requirements applied by another judge of the Court, *see Bonetti v. Embarq Mgmt. Co*., Case No. 06:07-CV-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009), this case is not binding authority on any other district judge in the Middle District of Florida.

Despite being specifically ordered to file supporting documents and "pertinent information regarding **any allowance for fees,**" Plaintiff's counsel has failed to do so, and he is hereby admonished as to that failure. Doc. 18 (bold in original). The Court has previously awarded Mr. Leach an hourly rate of at least $300 in previous FLSA cases. By the Court's estimate, costs in the case would total approximately $500 for the filing fee and service of process on two Defendants. Thus, for a $3,000 fee, approximately 10 hours were spent on the case. The estimated amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of $5,000 to Plaintiff for unpaid overtime and liquidated damages, and $3,500 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 4, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy